## UNITED STATES v. KENNEDY BROS. ARMS CO.

**No. 7599.**—Invoices dated Guelph, Canada, May 17, 1944, etc.
Certified May 18, 1944, etc.
Entered at St. Paul, Minn., June 9, 1944, etc.
Entry Nos. 107 and A–214.

### Third Division, Appellate Term

(Decided June 11, 1948)

*Paul P. Rao*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the appellant.

*Wallace & Schwartz* (*Barnes, Richardson & Colburn* by *Joseph Schwartz* of counsel) for the appellee.

Before CLINE, EKWALL, and JOHNSON, Judges

EKWALL, Judge: This is an application for review by the Government of the decision of a single judge, reported in Reap. Dec. 6556, in which he found the proper dutiable values of certain lifesaving cushions and "Buoy-O-Boys" to be the appraised values. The merchandise was imported from Canada, the dates of exportation being given on the entries as May 26, 1944, and January 24, 1945. The manufacturer and shipper is Guelph Elastic Hosiery Co., Ltd., of Guelph, Canada. Appraisement was made on the basis of export value. The Government claims that foreign value is the proper basis of value. The various types of merchandise involved were entered and appraised and are claimed by the collector to be valued as follows:

| Entry No. | Quantity | Merchandise (Description) | Entered value per doz. U. S. $ | Appraised value per doz. Can. $ | Claimed value per doz. Can. $ |
|---|---|---|---|---|---|
| 107 | 5 doz. | Cushions Embossed | 10. 00 | 9. 50 | 10. 00 |
| | 5 doz. | Cushions Glazed | 12. 50 | 11. 90 | 12. 50 |
| | 12 doz. | Buoy-O-Boys, Kiddies | 10. 00 | 9. 50 | 10. 00 |
| | 12 doz. | Buoy-O-Boys, Youths | 15. 00 | 14. 25 | 15. 00 |
| | 6 doz. | Buoy-O-Boys, Adults | 20. 00 | 19. 00 | 20. 00 |
| A–214 | 10 doz. | Cushions | 12. 50 | 11. 90 | 12. 50 |
| | | | Less discounts 5% and 9% | Net Packed Tax included | Net Packed |

The trial court held that the presumption of correctness attaching to the appraiser's finding of value had not been overcome and that the proper dutiable values were therefore the appraised values, as set forth in the above table, which values are in Canadian currency.

In support of its claim that the proper basis of value is foreign value, as defined in section 402 (c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938; the Government offered and there was received in evidence as collective exhibit 1, two reports of Treasury Representative William T. Murphy. The importer, appellee herein, produced affidavits of Mr. J. J. Cartledge, manager of the exporting corporation, which were received and marked exhibits 2 and 3. The case was submitted below upon these exhibits together with the official papers.

It appears from the record that the reduction of 9 per centum noted above in the column "Entered Value" was not an item of discount but an allowance for the difference in the rate of exchange between the United States dollar and the Canadian dollar. The single judge below, after stating that the burden in this case is on the Government as the appealing party to show that such or similar merchandise to that involved, was, at the time of exportation "freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade" at the prices claimed by the Government, which are without discount, citing *United States* v. *T. D. Downing Co.*, 20 C. C. P. A. (Customs) 251, T. D. 46057, and *United States* v. *Joseph Horne Co.*, Reap. Dec. 6251, held that the Government had failed to overcome the presumption of correctness attaching to the appraiser's finding, and that the proper values were the appraised values.

The report of the Treasury representative, dated September 26, 1944 (collective exhibit 1), produced on behalf of the Government, states that merchandise identical to that before us is freely offered in the home market for export at prices in accordance with a price list attached to said report. The prices given in this price list for quantities of 3 dozen or more correspond to the values at which the merchandise was appraised, if, as we read said price list, the currency

therein expressed is Canadian dollars, and prices are net packed, tax included. The prices given under the heading of "Dealer" are the prices which the Government claims represent the proper values and are net packed. All prices are stated to be f. o. b. Guelph, sales tax included. This sales tax is described in the report to be applicable to sales in the home market, "unless made to holders of manufacturer's licenses," and amounts to 8 per centum.

On the question of discounts, the report shows various amounts to be allowed, among others, 20 per centum from the list prices to jobbers in Ontario, Quebec, and the Maritime Provinces; to jobbers in Western Canada, 20 per centum and 5 per centum are allowed; and to retailers, 5 per centum.

Sales in Canada, according to the report, are divided as follows: 45 per centum to jobbers and 55 per centum to retailers. The sales to jobbers are divided as follows: 25 per centum receive the 20 per centum discount; 18 per centum receive 20 per centum and 5 per centum; 1 per centum receive 25 per centum; and 1 per centum receive 20 per centum and 10 per centum.

This exhibit enumerates "representative sales in Canada" in quantities ranging from one-quarter of a dozen to 12 dozen, covering a period from February 1 to July 29, 1944. It will be noted that while this evidence would be applicable to entry 107, it is too remote as to entry A–214.

The affidavits of the exporting company (exhibits 2 and 3) set forth that they sell in very limited quantities to retailers who buy quantities of less than 3 dozen at list prices, without discounts, but the affiant states that such sales are not made in the ordinary course of trade, but are in the nature of accommodation sales, and that they do not regard 3 dozen or less as a wholesale quantity. As to the sales to the United States, it is stated in the affidavits that such or similar merchandise is sold to only three other customers in this country, and that such sales have been at list prices, less discounts ranging from 5 per centum to 25 per centum. It further appears that this manufacturer is the only producer in Canada of merchandise such as or similar to the goods in suit. The Canadian Government imposes no export tax on this type of merchandise.

Referring to the representative sales in Canada, a list of which is included in the Treasury representative's reports, it is noted that as to the sales of quantities under one dozen, a portion is at net list prices and others are quoted at 5 per centum discount. As to the sales in quantities of one dozen, nearly all are at list prices, less discounts of 5 per centum or more, two sales being at net list prices. Of the sales in quantities over one dozen and under three dozen, the discounts appear as 5 per centum or more, with the exception of two sales at net. The sales of three dozen or more all appear at discounts of 5 per centum or more.

It is contended on the part of the Government that under the rule laid down in *Jenkins Brothers* v. *United States*, 25 C. C. P. A. (Customs) 90, T. D. 49093, the usual wholesale quantity must be arrived at by adopting the greatest number of sales or offers for sale in a wholesale quantity, as was held in *United States* v. *Minkus*, 21 C. C. P. A. (Customs) 382, T. D. 46912. The Government claims that by applying that rule to the instant case, sales of one dozen are in a vast majority, and that the price at which anyone can buy in quantities of one dozen is net. It is further contended that the trial court did not adopt the principles set forth in the case of *United States* v. *Mexican Products Co.*, 28 C. C. P. A. (Customs) 80, C. A. D. 129, and the case of *United States* v. *American Glanzstoff Corp.*, 24 C. C. P. A. (Customs) 35, T. D. 48308, therein cited. In the latter case the court, in referring to the definition of foreign value in section 402 (c), *supra*, said:

\* \* \* The expression "all purchasers" does not mean the members of some association only, or 99 per centum of the purchasers of such goods, or those who would not thereafter buy such goods from someone else, but it does mean all of those who cared to buy such goods in such markets. \* \* \*

Inasmuch as the "representative sales" listed cover only the period from February 1 to July 29, 1944, and some of the instant merchandise was exported in January 1945, we find that this cannot be accepted as proof of sales in 1945.

Government counsel in the brief contends that the proper basis of value is foreign value, which, it is alleged, is higher than export value. However, it states the prices set forth in the price list attached to collective exhibit 1, which are net, are the same as the prices at which the Government claims. The report of the Treasury representative, forming part of this collective exhibit, states, under the heading "Export Value":

There is enclosed marked Exhibit I printed price list of the manufacturer dated August 5, 1941, which is still in effect [September 26, 1944] showing the prices at which the safety floats and cushions were sold *for export* to the United States, also descriptive pamphlet. [Italics supplied.]

In view of this statement it can hardly be said that this price list is corroborative of a claim for foreign value.

Upon the record it is apparent that the appellant has not sustained the burden of proof in that it has not established its claims, i. e., that the basis of value is foreign value; that such foreign values are the values set forth in the tabulation *ante*, under the heading "Claimed value per doz. Can. $"; that the export value is lower than the foreign value. This court is in agreement with the finding of the court below that the proper values under section 402 (d) of the Tariff Act of 1930 are the values found by the appraiser.

We therefore affirm the decision of the trial court.

Judgment will be rendered accordingly.